### UNITED STATES v. 1,950 BOXES OF MACARONI et al.

(District Court, N. D. Illinois, E. D.   May 16, 1910.)

### Nos. 10,426–10,430.

FOOD (§ 24*)—FOOD AND DRUGS ACT—ADULTERATED MACARONI—PROCEEDINGS FOR CONDEMNATION—"ADDED POISONOUS  *  *  *  INGREDIENT."

Macaroni, to which a coal tar dye known as "martius yellow" had been added solely as a coloring matter, held to contain an "added poisonous * * * ingredient which may render it injurious to health," within Food and Drugs Act June 30, 1906, c. 3915, § 7, par. 5, 34 Stat. 769 (U. S. Comp. St. Supp. 1909, p. 1191), and, when shipped in interstate commerce, to be subject to condemnation and destruction under section 10 of the act, the evidence showing that such coloring matter is a poison which will kill.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 24.*]

Proceeding by the United States against 1,950 Boxes of Macaroni, and four other cases; V. Viviano & Bros. and S. Viviano & Bros., claimants. Decree for libelant.

Edwin W. Sims, U. S. Atty., A. R. Hulbert and W. H. Medaris, Asst. U. S. Attys.

Bernard P. Barasa, for claimants.

LANDIS, District Judge. These libels seek the destruction of five interstate shipments of macaroni charged to have been adulterated by the addition of a coal tar dye known as "Martius yellow," alleged to be a poison rendering the food product injurious to health. Food and Drug Act (Act June 30, 1906, c. 3915, § 7, par. 5, 34 Stat. 769 [U. S. Comp. St. Supp. 1909, p. 1191]). The question is whether the article proceeded against "contains any added poisonous * * * ingredient which may render it injurious to health." The proof shows macaroni to be composed of wheat flour and water; that to change its natural color, and make its appearance more inviting, Martius yellow was added; that this coloring matter is not an ingredient of macaroni, serves no purpose other than to change its color, and is a poison which will kill.

It is the duty of the court to give the act a fair and reasonable construction for the accomplishment of its object. That object is the exclusion from interstate commerce of food products so adulterated as to endanger health. And where, as here, it clearly appears that a poisonous substance wholly foreign to the food product has been added to it solely to mislead and deceive, the court is under no duty to endeavor to protect the offender against loss from destruction of the adulterated article by indulging in hair-splitting speculation as to whether the amount of poison used may possibly have been so nicely calculated as not to kill or be of immediate serious injury. With a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

portion of our population macaroni is a staple article of food, and under the evidence here the cumulative effect of the poison in the substance under examination would be injurious to health.

Let there be a decree of condemnation and destruction.